IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

ROBERT LEWIS,                        )
                                     )
        Plaintiff,                   )
                                     )
v.                                   ) CIVIL ACTION NO. 01-PWG-1214-E
                                     )
ALLIED SIGNAL, INC., now known as    )
HONEYWELL, INC.,                     )
                                     )
        Defendant.                   )

**ENTERED**
**DEC 1 3 2001**

## MEMORANDUM OF OPINION

Plaintiff Robert Lewis, a black male, filed a complaint alleging that he was terminated by defendant Honeywell International, Inc. on September 30, 1999 based upon his race in violation of Title VII, 42 U.S.C. § 2000, et.seq. This matter is before the court on Honeywell's Motion for Summary Judgment (document #12) pursuant to the written consent of the parties to the exercise of jurisdiction by the magistrate judge. 28 U.S.C. § 636(c) and LR 73.2.

### STANDARD OF REVIEW

Summary judgment is appropriate only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 56, *Federal Rules of Civil Procedure.* In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See*

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be `no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

Honeywell argues in its motion for summary judgment that "plaintiff has failed to timely exhaust his administrative remedies and satisfy the conditions precedent to suit under Title VII because it is undisputed that he did not submit a sworn or verified charge of discrimination to the Equal Employment Opportunity Commission within one hundred and eighty days after the allegedly discriminatory conduct as required by 42 U.S.C. § 2000e-5(e)(1)." (Document #12, p. 1.) Title 42 U.S.C. § 2000e-5(e)(1) provides in pertinent part:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice shall be

2

> served upon the person against whom such charge is
> made within ten days thereafter.

Honeywell's motion for summary judgement was accompanied by exhibits. Wendy Graham, the human resources leader at Honeywell, stated in her affidavit that Lewis was placed on short term disability in March of 1999, and that Lewis was approved for long term disability benefits approximately six months later (Defendants Exhibit B). The Charge of Discrimination was dated 2/12/01, signed by Robert Lewis, and bore a stamp "RECEIVED FEB 12, 2001 EEOC."[1] (Defendant's Exhibit A). The EEOC form which included the headings Dismissal and Notice of Rights and Notice of Suit Rights was dated 2/12/01 and reflected that "Your charge was not timely filed with the Commission...." (Defendant's Exhibit C).

Lewis's opposition to Honeywell's motion for summary judge is not accompanied by an affidavit or other evidence. In the opposition, counsel for Lewis states:

> Plaintiff asserts that within the 180 day period, he physically went to the Equal Employment Opportunity Commission Office in Birmingham, was interviewed by a representative although he did not file a written charge thinking that his oral communication was adequate.
>
> The EEOC issued plaintiff his right to sue letter on February 12, 2001, while on the same day [the EEOC] reduced to writing his formal complaint against Defendant which he had orally presented within the 180 day period.

(Document #15, p.1).

Lewis contends that the statement set out above creates a material issue of fact.

---

[1] As previously stated, the complaint alleged that "the defendant terminated plaintiff September 30, 1999." (Complaint, paragraph 6.) The court notes, however, that the Charge of Discrimination states that plaintiff was placed on permanent disability on March 2, 1999.

3

Lewis's opposition, however, does not comply with the requirements of Rule 56(e). Rule 56(e) states:

> Supporting and opposing <u>affidavits</u> shall be made on <u>personal knowledge</u>, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein. ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. (Emphasis added).

The assertion of plaintiff's counsel is not based on personal knowledge. Plaintiff has presented neither an affidavit[2] nor other evidence establishing that there is a genuine issue for trial. Although Lewis, through counsel, asserts that he orally communicated his charge within the 180 days, such a statement, even if proved, is insufficient as a matter of law to comply with 42 U.S.C. § 2000e-5(b) which specifically requires that: "Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires."

The Eleventh Circuit has within this calendar year addressed what constitutes a valid charge for statute of limitations purposes. In *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314 (11th Cir. 2001), the Eleventh Circuit Court of Appeals held that a verified intake questionnaire which contained the information required under 29 C.F.R. § 1601.12(a)(2000)[3] satisfied the charge requirements of Title

---

[2] Plaintiff has also not opposed the motion by presenting an affidavit in compliance with Rule 56(f) addressing an inability to present "by affidavit facts essential to justify [plaintiff's] opposition."

[3] Title 29 C.F.R. § 1601.12(a) requires that the following information be included in a charge:
(1) The full name, address and telephone number of the person making the charge...;
(2) The full name and address of the person against whom the charge is made, if known...;

4

VII for purposes of the statute of limitations. Conversely, in *Pijnenburg v. West Georgia Health System, Inc.*, 255 F.3d 1304, (11th Cir. 2001), the Court of Appeals held that an unverified intake questionnaire which did not contain the minimum contents required of a charge under 29 C.F.R. § 1601.12(a) did not meet the requirements for a valid charge for statute of limitations purposes. Likewise, in *Vason v. City of Montgomery, Alabama*, 240 F3d 905 (11th Cir. 2001), the Eleventh Circuit held that the verification requirement for EEOC charges is mandatory and found that an unverified letter to the EEOC was insufficient under Title VII. See also, *Leigh v. Perdue Farms, Inc.*, 2001 WL 910411 (M.D. Ala. 2001) (timely filed letter failed to satisfy the requirements of § 2000e-5(b) because there was no evidence that the letter was verified.)

While the law of this circuit, is that a document which falls short of a formal charge may constitute a "charge" for statute of limitations purposes IF the substitute for the formal charge is in writing and verified as required by § 2000e-5(b) and contains the minimum contents required by 29 C.F.R. § 1601.12(a). See, *Pijnenburg*, 255 F.3d at 1305-06. Here, Lewis argues only that his <u>oral</u> communication during an interview with an EEOC representative should be sufficient to constitute a timely charge for statute of limitations purposes. There is no evidence that Lewis's oral communication was subsequently committed to writing; there is no evidence that Lewis's communication was verified; there is no evidence that the communication included the minimum contents required by 29 C.F.R. § 1601.12(a). Honeywell's motion for summary judgment is due to

---

(3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices...;
(4) If known, the approximate number of employees of the respondent employer or the approximate number of members of the respondent labor organization, as the case may be; and
(5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.

29 C.F.R. § 1601.12(a)(2000).

be granted. A separate final judgment consistent with this memorandum of opinion will be entered simultaneously herewith.

As to the foregoing it is SO ORDERED this the $\underline{19}^{th}$ day of December, 2001.

_____
PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE